IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GENICE D. LEAVELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 22 C 4731 |
| | ) |
| COOK COUNTY STATE'S | ) Judge John J. Tharp, Jr. |
| ATTORNEY'S OFFICE and COUNTY | ) |
| of COOK, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

For the reasons set forth in the Statement below, the defendants' motion to dismiss the plaintiff's complaint for failure to state a claim [9] is denied in part and granted in part without prejudice. The plaintiff may file an amended complaint consistent with this Order on or before April 1, 2025. In the event that the plaintiff does not amend, the defendants must answer the complaint by April 15, 2025. A status hearing will be held on April 21, 2025, at 9:00 a.m. in Courtroom 2303 of the Dirksen Federal Courthouse.

**STATEMENT**

**I.      Background**

The plaintiff, Genice D. Leavell, is suing the defendants, the Cook County State's Attorney's Office ("CCSAO") and Cook County ("County"), for race and gender discrimination and retaliation arising from her forced retirement from the CCSAO. Ms. Leavell is an African American female who worked for the CCSAO from 1993 to 2021, most recently as an investigator. Compl. ¶¶ 6, 9-10, ECF No. 1. On April 7, 2021, Ms. Leavell was arrested by the Matteson Police Department for misdemeanor battery. *Id.* at ¶ 13. She had no prior criminal history. *Id.* at ¶ 14. Following an internal investigation, the CCSAO's administrative committee recommended that Ms. Leavell be terminated but permitted her to elect to retire instead. *Id.* at ¶ 18. Ms. Leavell requested that the administrative committee stay any disciplinary action pending the resolution of the underlying criminal case, but the CCSAO refused. *Id.* at ¶¶ 19-20. Ms. Leavell alleges that "[o]ther non-African Americans or males in the Cook County State's Attorney Office were allowed to continue their employment pending outcomes of criminal matters but the Plaintiff was not." *Id.* at ¶ 21. As a result of the committee's unwillingness to stay her disciplinary proceedings, Ms. Leavell retired on July 16, 2021. *Id.* at ¶ 22. The underlying criminal matter was ultimately dismissed and expunged from her record. *Id.* at ¶¶ 22-23.

Ms. Leavell subsequently "filed a charge of race and gender discrimination and retaliation" with the EEOC and received a notice of a right to sue on June 7, 2022. *Id.* at ¶ 25. Ms. Leavell

filed this action on September 2, 2022. The complaint includes four counts premised on different legal theories: (1) "Title VII race and gender discrimination"; Section 1983 equal protection"; (3) Section 1981; and (4) retaliation. *Id.* She also asserts an indemnification theory with respect to County.[1] *Id.*

## II. Motion to Dismiss

The defendants move to dismiss the plaintiff's complaint, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim. On a motion to dismiss, the Court must "construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in her favor." *Jackson v. Blitt & Gaines, P.C.*, 833 F.3d 860, 862 (7th Cir. 2016). To survive a motion to dismiss, a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The defendants devote much of their motion to outlining deficiencies with each of Ms. Leavell's pleaded legal theories, count by count. That approach is misguided. Rule 12(b)(6) authorizes the dismissal of claims, not legal theories. "No matter how many legal theories, or 'counts,' a plaintiff may assert, they constitute a single 'claim' to the extent premised on the same facts; 'different legal theories . . . do not multiply the number of claims for relief.'" *Mannes v. Ford Motor Co., Inc.*, No. 13 C 07381, 2014 WL 7332616, at *2 (N.D. Ill. Dec. 22, 2014) (quoting *NAACP v. Am. Family Mut. Ins. Co.*, 978 F.2d 287, 292 (7th Cir.1992)). Notwithstanding the five enumerated "counts" set forth in the complaint, Ms. Leavell asserts only two claims in her complaint: one for race and gender discrimination and a second for retaliation. In Counts I-III, Ms. Leavell alleges that the defendants violated her rights under Title VII, Section 1983, and Section 1981 when they "discriminated against Plaintiff on the basis of her racial background, African American, and her gender, Female." Compl. ¶ 27, ECF No. 1. In support of her retaliation claim, Ms. Leavell alleges in Count IV that the defendants "used the Plaintiff's arrest as a way to retaliate against her" for her previous complaints "about race and gender disparity in the workplace." Compl. ¶ 44, ECF No. 1. The Court evaluates each claim in turn.

### A. Employment Discrimination Claim

To survive a motion to dismiss on an employment discrimination claim, "a plaintiff need only allege enough facts to allow for a plausible inference that the adverse action suffered was connected to her protected characteristics." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022). Contrary to the defendants' assertions, a plaintiff is not required to plead a prima facie case of employment discrimination to survive a motion to dismiss. Mot. to Dismiss 3, ECF No. 9; *Kaminski*, 23 F.4th at 777; *see also Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021) ("[F]act pleading to show a prima facie case is not needed in an employment-discrimination case."). Instead, a litigant must set out "how she was aggrieved and what facts or circumstances

---

[1] In response to the defendants' motion to dismiss, Ms. Leavell voluntarily dismissed County from Counts I-IV of the complaint, preserving only Count V for indemnification. Resp. 11, ECF No. 13.

lead her to believe her treatment was *because of* her membership in a protected class." *Kaminski*, 23 F.4th at 777-78 (emphasis in original); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) ("[I]n order to prevent dismissal under Rule 12(b)(6), a complaint alleging sex discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her sex.").

Ms. Leavell does just that when she alleges that "non-African Americans or males in the Cook County State's Attorney Office were allowed to continue their employment pending outcomes of criminal matters but the Plaintiff was not." Compl. ¶ 21, ECF No. 1. As a result of the CCSAO's denial of her request to stay the committee proceedings until the resolution of her underlying criminal case, Ms. Leavell claims that she faced only two options: (1) retirement, or (2) termination. *Id.* at ¶¶ 18-20. Ms. Leavell properly connects the dots to sustain her discrimination claim when she alleges that the defendants discriminated against her "on the basis of her racial background, African American, and her gender, Female . . . by harassing, disciplining, singling her out and forcing her retirement for pursuing her legal rights and zealously advocating on her own behalf." Compl. ¶ 27, ECF No. 1. The complaint is sufficient to put the CCSAO on notice Ms. Leavell's discrimination claims and nothing more is required at this stage. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014) ("Employers are familiar with discrimination claims and know how to investigate them, so little information is required to put the employer on notice of these claims.").

The defendants also challenge Ms. Leavell's invocation of 18 U.S.C. §§ 1983 and 1981 in Counts II and III to support her discrimination claim. Specifically, the defendants assert that Ms. Leavell has not properly alleged the existence of a widespread policy to establish *Monell* liability under Section 1983. Mot. to Dismiss 6, ECF No. 9. The defendants also seek dismissal of Ms. Leavell's Count III, which asserts a claim pursuant to Section 1981, because "Section 1981 does not create a private right of action against state actors." *Id.* at 8. Even if the defendants are correct on both points, it makes no difference at this stage because "complaints need not set out either legal theories or comprehensive factual narratives." *Rapid Test Products, Inc. v. Durham Sch. Services, Inc.*, 460 F.3d 859, 860 (7th Cir. 2006). Ms. Leavell's decision to include several legal theories in her complaint, set out as separate "counts," does not alter the Court's analysis. The federal rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014). In fact, a plaintiff need not plead legal theories at all. *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011). Therefore, because Rule 12(b)(6) "doesn't permit piecemeal dismissals of *parts* of claims," the defendants' motion to dismiss Counts II and III of Ms. Leavell's complaint is denied. *BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015) (emphasis in original) ("[T]he question at this stage is simply whether the complaint includes factual allegations that state a plausible claim for relief.").

### B. Retaliation Claim

Ms. Leavell's allegations of retaliation comprise a separate claim because they are based on distinct conduct that is not implicated by her discrimination claim, specifically her previous complaints about race and gender disparity in the workplace. "To plead a retaliation claim under Title VII, a plaintiff must allege that she engaged in statutorily protected activity and was subjected to adverse employment action as a result of that activity." *Luevano v. Wal-Mart Stores, Inc.*, 722

F.3d 1014, 1029 (7th Cir. 2013).[2] In this case, Ms. Leavell alleges that she "had previously complained about race and gender disparity in the workplace," so "the Defendants used the Plaintiff's arrest as a way to retaliate against her" for those actions. Compl. ¶ 44, ECF No. 1. Ms. Leavell further alleges that the defendants "comb[ed] through documents for anything on which to end the Plaintiff's employment." *Id.* at ¶ 45.

"The pleading need not prove a causal link between the protected activity and the adverse employment action." *Renken v. Illinois State Toll Hwy. Auth.*, 683 F. Supp. 3d 775, 780 (N.D. Ill. 2023). The causal link does need to be plausible, however. "[A] retaliation claim can indeed be so bare-bones that a lengthy time period between the protected activity and the alleged retaliation will make any causal connection between the two implausible." *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 829 (7th Cir. 2014). In this case, Ms. Leavell alleges that she "complained to management and supervisors at the Cook County State's Attorney Office about not being promoted, racial and gender disparity in the office, and not being reimbursed for command school when others had been," several times from 1993 to 2018.[3] Compl. ¶ 11, ECF No. 1. The alleged adverse employment action, however, did not occur until July 2021, some three years later (at a minimum). *Id.* at ¶ 22. As the Seventh Circuit has previously found, "three years is 'well beyond the time that would allow a reasonable jury to conclude that [her] termination was causally related'" to Ms. Leavell's prior complaints. *Carmody v. Bd. of Trustees of U. of Ill.*, 747 F.3d 470, 480 (7th Cir. 2014) (quoting *Lalvani v. Cook Cnty., Illinois*, 269 F.3d 785, 790 (7th Cir.2001)) (granting a motion to dismiss where the plaintiff provided "no potential explanation for the long delay between his report and the alleged retaliation."). Ms. Leavell must provide some basis for her allegation "that there was a causal link between [her] complaints of discrimination and the allegedly retaliatory actions that were taken against [her]," to survive a motion to dismiss, which her complaint fails to do. *Prince v. Illinois Dep't of Revenue*, 73 F. Supp. 3d 889, 894 (N.D. Ill. 2010). The retaliation claim is therefore dismissed without prejudice.

\*   \*   \*

For the reasons set forth above, the defendants' motion to dismiss [9] is denied in part and granted in part without prejudice. The plaintiff is given leave to amend her complaint, addressing the defects described in this Order, by April 1, 2025. Alternatively, the case may go forward solely on the discrimination claim. In the event that the plaintiff does not amend, the defendants must answer the complaint by April 15, 2025.

---

[2] In the complaint, Ms. Leavell does not cite to any statute or cause of action to support her retaliation claim, nor does she need to. A complaint need not plead legal theories.

[3] The complaint also states that Ms. Leavell was "vocal and instrumental as to wages and benefits in contract negotiations," but does not specify the relevant time period of these activities. Compl. ¶ 12, ECF No. 1. Additionally, Count IV and the plaintiff's reply do not refer to Ms. Leavell's role in contract negotiations as a protected activity which resulted in retaliation, so it is unclear whether this allegation serves as a factual basis for her retaliation claim. Reply 11, ECF No. 13.

5

Dated: March 11, 2025

John J. Tharp, Jr.
United States District Judge